J-S10023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GUILLERMO R. ENCISO, | |
| Appellant | No. 1878 EDA 2015 |

Appeal from the Judgment of Sentence Entered November 21, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003896-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 10, 2016**

Appellant, Guillermo R. Enciso, appeals *nunc pro tunc* from the November 21, 2014 judgment of sentence of 11½ to 23 months' incarceration, imposed after a jury convicted him of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1). Appellant challenges the sufficiency of the evidence to sustain his conviction, and also asserts that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by not turning over certain exculpatory evidence to the defense. Additionally, Appellant's counsel, Maria Heller, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v Santiago**, 978 A.2d 349 (Pa. 2009). After careful

_____

[*] Retired Senior Judge assigned to the Superior Court.

review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On October 5, 2013, Appellant was arrested and charged with various offenses, including attempted homicide, conspiracy to commit homicide, carrying a firearm without a license, possessing an instrument of crime (PIC), and recklessly endangering another person (REAP). Appellant's charges stemmed from his involvement in a gang-related altercation among a large group of men, which culminated in the stabbing of the victim, Javier Bedolla. While the Commonwealth did not present evidence that Appellant had stabbed the victim, several witnesses testified that Appellant was involved in the physical fight, and at one point he fired a gun into the air.

Appellant proceeded to a jury trial in August of 2014, on numerous charges, including those stated *supra*. At trial,

> Appellant's … defense was that [he] and his group were surrounded and that [he] fired the gun in the air to stop the violence. Furthering this strategy[,] at the conclusion of trial, Appellant's attorney agreed with the court that a self-defense and defense of others jury instruction was appropriate.

*Anders* Brief at 9 (citation to the record omitted). At the close of trial, the jury acquitted Appellant of all charges except PIC, REAP, and carrying a firearm without a license. Appellant filed a motion for judgment of acquittal on August 29, 2014, which the trial court granted with respect to Appellant's PIC and REAP charges. Therefore, his only remaining conviction was for the firearm offense.

- 2 -

Appellant proceeded to a sentencing hearing on November 21, 2014. Before the court imposed Appellant's sentence,

> there was a discussion on the record regarding information that should have been disclosed by the prosecution. Specifically, the [Commonwealth] had not disclosed to the defense that the first officer on the scene of the crime had seen the victim surrounded by numerous Hispanic shirtless men with tattoos. This information was deemed relevant since the defense's theory of the case was self-defense [or defense of others]. The [Commonwealth] disclosed the information to … Appellant's attorney, and to the court after the jury returned its verdict, but before the court sentenced Appellant.

> Appellant's attorney placed on the record [at the November 21, 2014 sentencing hearing] that he had discussed the lack of disclosure and the implications of prosecutorial misconduct with Appellant. Appellant's attorney stated that in lieu of pursuing the prosecutorial misconduct issue by way of an evidentiary hearing, Appellant had decided to waive this right and agreed to a reduced negotiated sentence on the remaining charge [of carrying a firearm without a license].

> Due to Appellant's prior record score, the Pennsylvania Sentencing Guidelines suggested a standard guideline range of forty-eight (48) to sixty (60) months[' incarceration] on the remaining [firearm] charge…. The firearm charge … [carries] a statute maximum sentence of forty-two (42) to eighty-four (84) months' confinement. Appellant's guideline sentence range, therefore, exceeded the statutory maximum.

> Due to the [Commonwealth's] non-disclosure, [it] offered Appellant a negotiated sentence in exchange for not pursuing the prosecutorial misconduct issue. Pursuant to the parties' agreement, Appellant was sentenced on November 21, 2014[,] to eleven and a half (11½) … to twenty-three (23) months' confinement for the charge of [carrying a firearm without a license,] with credit for time served….

*Anders* Brief at 3-4 (citations to the record omitted).

Appellant did not file a notice of appeal. However, he filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his appeal rights *nunc pro tunc*. The court granted that petition and appointed Attorney Heller of the Chester County Public Defender's Office to represent Appellant. Attorney Heller filed a *nunc pro tunc* notice of appeal on Appellant's behalf. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and, in response, Attorney Heller submitted a Rule 1925(c)(4) statement of her intent to file an ***Anders*** brief.

Attorney Heller filed a petition to withdraw in this Court on October 27, 2015, and thereafter submitted an ***Anders*** brief setting forth the following two issues that Appellant seeks to raise on appeal:

> I. Should the [carrying a firearm without a license] … charge have been dismissed with prejudice due to prosecutorial misconduct?
>
> II. Was the evidence sufficient to prove the charge [of carrying a firearm without a license] … beyond a reasonable doubt?

***Anders*** Brief at 2.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Heller's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching

- 5 -

that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Heller also states in her petition to withdraw that she has supplied Appellant with a copy of her *Anders* brief, and she has attached a letter directed to Appellant in which she informs him of the rights enumerated in *Nischan*.[1] Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

Appellant first seeks to argue that the Commonwealth committed a *Brady* violation by not disclosing that the first responding officer had witnessed "the victim on the ground surrounded by numerous Hispanic[,] shirtless men with tattoos." *Anders* Brief at 10. Attorney Heller first concludes that this claim is frivolous because Appellant waived his right to assert this *Brady* issue at the November 21, 2014 sentencing hearing. *Id.* at 16-17. Alternatively, Attorney Heller notes that Appellant would not be able to prove that the Commonwealth committed a *Brady* violation, even if he had not waived this claim. Because, for the reasons stated *infra*, we agree with Attorney Heller that Appellant's *Brady* claim is frivolous, we need not consider whether he waived this issue for our review.

---

[1] Appellant has not filed a response to counsel's petition to withdraw or *Anders* brief.

Our Supreme Court has stated that,

> in order to establish a **Brady** violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. **See Commonwealth v. Lambert**, 584 Pa. 461, 471, 884 A.2d 848, 854 (2005); **Commonwealth v. Collins**, 585 Pa. 45, 68, 888 A.2d 564, 577–78 (2005). However, "[t]he mere possibility that an item of undisclosed information *might* have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." **Commonwealth v. Chambers**, 570 Pa. 3, 29, 807 A.2d 872, 887 (2002) (citation omitted and emphasis added). Rather, evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id.** at 29, 807 A.2d at 887–88.

**Commonwealth v. Willis**, 46 A.3d 648, 656 (Pa. 2012) (emphasis in original; one internal citation omitted).

Here, Attorney Heller concludes that the first two **Brady** prongs are arguably met in this case, but reasons that Appellant cannot demonstrate that the withheld evidence would have changed the outcome of his case. We agree. Certainly, the withheld evidence supports Appellant's claim that he acted in self-defense, or in defense of others. However, the officer's testimony that he saw the victim on the ground surrounded by other men has absolutely no bearing on whether Appellant was carrying a firearm without a license. Accordingly, Appellant cannot demonstrate that this evidence would have changed the outcome of the proceedings, where the

only conviction that resulted therefrom was for the offense of carrying a firearm without a license. Accordingly, we agree with Attorney Heller that Appellant's **Brady** claim is frivolous.

Next, Appellant challenges the sufficiency of the evidence to sustain his conviction. Our standard of review of a challenge to the sufficiency of the evidence is as follows:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

The offense of carrying a firearm without a license is defined as follows:

> **(a) Offense defined.--**
>
> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

Initially, we note that Appellant stipulated at trial that he did not have a license to carry a concealed firearm. N.T. Trial, 8/21/14, at 419-20. He

contends, however, that because the gun was never recovered in this case, the evidence was insufficient to prove that he possessed a firearm to support his conviction for carrying a firearm without a license.

We disagree. Primarily, it is well-established that "[t]he Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, and the jury, in passing upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Arrington*, 86 A.3d 831, 840 (Pa. 2014) (citation omitted). As Attorney Heller points out, in *Arrington*, our Supreme Court "found sufficient evidence of unlawful possession of a firearm based on purely circumstantial evidence." *Anders* Brief at 23; *see also Arrington*, 86 A.3d at 840-41. Additionally, Attorney Heller directs our attention to this Court's decision in *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014), where we held that a witness' testimony alone was sufficient to prove possession of a firearm under 18 Pa.C.S. § 6105(a)(1) (Persons not to possess a firearm). While this case does not involve precisely the same firearm offense as in *Antidormi*, both sections 6105 and 6106 require that the Commonwealth prove the defendant possessed a firearm. If a witness' testimony, alone, was sufficient to meet this burden under section 6105, the same is sufficient under section 6106.

With these standards in mind, it is obvious that the circumstantial evidence was more than sufficient to demonstrate that Appellant possessed a firearm, despite that the weapon was never recovered. Multiple witnesses

(including two individuals called by the defense) testified that they saw Appellant pull a firearm and shoot it during the altercation. *See* N.T. Trial, 8/20/14, at 206 (Commonwealth witness Angel Duran testifying that Appellant "pulled out the gun and shot maybe two or three times[,]" after which Appellant "pointed the gun at [Duran]"); *id.* at 318 (Commonwealth witness Javier Bedolla's stating that Appellant "pulled the gun" and shot it); N.T. Trial, 8/21/14, at 521 (defense witness (and Appellant's brother) Hubanal Renteria, confirming that he saw Appellant pull a gun from his waistband and shoot it); *id.* at 558-59 (defense witness Manuel Duran stating that Appellant fired a shot into the ground). Based on the testimony of these witnesses, the Commonwealth satisfied its burden of proving that Appellant possessed a firearm to sustain his conviction under section 6106(a)(1).

In sum, we agree with Attorney Heller that Appellant's two issues are frivolous. Additionally, we have independently reviewed the record and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2016